

## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
## STATE OF OKLAHOMA

| | | |
|---|---|---|
| LORI SMITH, | ) | **CJ-2016-01763** |
| Plaintiffs, | ) | |
| | ) | JEFFERSON D. SELLERS |
| vs. | ) | |
| | ) | |
| STATE FARM AUTOMOBILE | ) | ATTORNEY LIEN CLAIMED |
| INSURANCE COMPANY, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |
| | ) | |

**DISTRICT COURT FILED MAY - 9 2016 SALLY HOWE SMITH, COURT CLERK STATE OF OKLA. TULSA COUNTY**

### PETITION FOR RELIEF

COMES NOW the Plaintiff, Lori Smith, and for her Petition against the Defendants and states as follows:

#### PARTIES, JURISDICTION & VENUE

1. Plaintiff is a resident of Delaware County, Oklahoma and Colorado.

2. Defendant State Farm Automobile Insurance Company is a foreign corporation, doing business in Tulsa County, Oklahoma, where the insurance contract involved herein was issued.

3. The insurance contract upon which this litigation is based was entered into in Tulsa County, Oklahoma.

4. This Court has jurisdiction over the subject matter and Parties.

5. Venue is also appropriate as the matters giving rise to this action occurred in Tulsa County, Oklahoma.

#### FACTUAL ALLEGATIONS

6. Plaintiff incorporates by reference the above paragraphs as though set forth below verbatim.

**EXHIBIT 3**

7. Plaintiff's 2010 Mini Cooper Clubman S was insured by a policy of insurance issued by Defendant by and through its agent, Janine Morales.

9. On or about August 21, 2014, Plaintiff struck an animal that traveled into the roadway, which caused substantial damage to her vehicle.

10. Plaintiff contacted Defendant, and the vehicle was repaired at Defendant's expense at Ozark Import Specialists.

11. The vehicle remained at Ozark Import Specialists until on or about March 27, 2015. Plaintiff's parents picked up the Mini Cooper for her and took it to their home, where it remained until Plaintiff took possession of her vehicle on or about July 23, 2015.

12. While driving her vehicle on or about July 24, 2015, Plaintiff's vehicle suddenly began to overheat. Plaintiff stopped her vehicle on the side of the roadway and had it towed to the nearest repair facility that could service this type of import vehicle, Tracy's Automotive in Wichita, Kansas.

13. A claim was made with State Farm for accident related damage that had not been repaired and led to the overheating.

14. An estimate was provided to State Farm on or about July 28, 2015. Defendant's claims representative advised Plaintiff the damage would be covered.

15. However, on August 7, 2015, despite the representation that the claim would be covered, Defendant's representatives stated the claim was being denied.

16. Defendant's employees stated the reason for the denial was that the cracked manifold was "a problem with MINIs." The representative, however, would not put the denial in writing when Plaintiff requested such and told Plaintiff to have her lawyer ask for it. Plaintiff did not have a lawyer.

17.     As a result of Defendant's misrepresentation and wrongful denial, Plaintiff had to retain an attorney to seek payment by State Farm for the claim, which Defendant had previously stated it would cover.

18.     Plaintiff's attorneys sent a letter of representation on September 9, 2015 requesting a certified copy of Plaintiff's policy and confirming State Farm's verbal basis for the denial – "a problem with MINIs."

19.     In response, State Farm representative Ivan Cortes (1) sent a letter on September 11, 2015 stating the claim was "currently being investigated" despite the denial on August 7th. The letter further stated that "your cooperation will help expedite this matter." A copy of the policy was not provided.

19.     On September 16, 2015, State Farm representative Christie Rohde (2) sent a "Confirmation of Coverage" but not a copy of the policy.

20.     On September 22, 2015, Plaintiff's retained counsel sent a letter requesting, again, a certified copy of the policy and elaboration on why the denied claim was now "being investigated" when State Farm had already denied the claim.

21.     On October 20, 2015, when no explanation as to the claim "being investigated" or what "cooperation" was needed had been provided, Plaintiff's counsel contacted State Farm. After being transferred to 4 different people, no explanation was provided but Plaintiff's counsel was told that Plaintiff had "failed to mitigate her damages by driving with an overheated car." Nonetheless, the *final* representative stated she would review the file and call back.

22.     No return call was made by Defendant.

23.     On November 2, 2015, State Farm representative Kristie Corallo (3) sent a letter stating she was now assigned to the claim. Mr. Corello called on the same day.

24.   On November 4th, Plaintiff's counsel attempted to speak to Ms. Corallo, but after being transferred two times, the call was ended.

25.   On November 5th, Plaintiff's counsel again attempted to speak with Ms. Corallo and left a voicemail message for her.

26.   On November 24, 2015, Plaintiff's counsel sent a letter about the attempts to reach Ms. Corallo, with no success and requesting a return call.

27.   On November 25th, a call was placed to Ms. Corallo and another voicemail message left.

28.   During this time, Plaintiff's car continued to sit at Tracy's Automotive in Wichita, Kansas, as Plaintiff could not afford to make the repairs on her own and the vehicle could not be driven in its condition.

29.   On November 30, 2015, Amy Gibson (4) of State Farm contacted Plaintiff's counsel in response to the previous voicemail messages left with Ms. Corello. She stated she would review the claim and respond.

30.   Plaintiff's counsel spoke with Ms. Gibson, who acknowledged the claim had been accepted then denied and understood that this was "frustrating."

30.   Ms. Gibson called again on December 1st and advised that she sent the claim to her manager for review.

31.   On December 2nd, Ms. Corello (5) called and left a message asking how checks should be made payable. Plaintiff's counsel returned her call and left a voicemail message.

32.   Also on December 2nd, Plaintiff's counsel spoke with Ms. Corello regarding resolution of the claim, and Ms. Corello acknowledged that State Farm did owe coverage for the damage and believed the vehicle would be totaled.

33. When Plaintiff's counsel brought up compensation for the loss of use of her vehicle since August 7th, when the claim was denied, and for her having to retain an attorney to get the damage paid. Ms. Corello advised that she "would not be bullied into payment," that she was approving the claim because it was "the right thing to do" and that it was Plaintiff's choice to hire an attorney.

34. Ms. Corello responded on December 8th that the vehicle was not being totaled, she had contacted the shop for the repairs, and that the claim was, again, being reassigned.

35. Plaintiff was never provided nor offered a rental.

### FIRST CAUSE OF ACTION: BREACH OF CONTRACT

36. Plaintiff incorporates by reference the above paragraphs as though set forth below verbatim.

37. On the date of the loss, Plaintiffs was insured by Defendant pursuant to a policy of insurance which provided, among other things, coverage for losses such as that sustained by Plaintiff.

38. Defendant breached its contract with Plaintiff by failing to timely pay the claim, denying the claim and/or delaying payment of the claim.

39. As a direct and proximate result of Defendant's breach of contract, Plaintiff has incurred damages in excess of $10,000.00 plus additional consequential damages, including attorneys' fees.

### SECOND CAUSE OF ACTION: BREACH OF DUTY OF GOOD FAITH

40. Plaintiff incorporates by reference the above paragraphs as though set forth below verbatim.

41. On account of the above, Defendant violated its duties of good faith and fair dealing by unreasonably, and in bad faith, by refusing to pay, and then delaying payment to, Plaintiff for the damage to her automobile pursuant to the insurance policy.

42. Defendant's failure to pay the claim was unreasonable under the circumstances due to the representations of its employee that Plaintiff's claim was covered.

43. Defendant further did not properly investigate Plaintiff's claim, and it had no reasonable and

unbiased basis for its refusal to pay.

44.     Defendant did not deal fairly and in good faith with Plaintiff and its violations of good faith and fair dealing are the direct and proximate cause of damages sustained by the Plaintiffs.

### PRAYER

WHEREFORE, premises considered, Plaintiff requests that this Court grant judgment against Defendant in an amount less than the amount necessary for diversity jurisdiction under 28 U.S.C.A. § 1332, punitive damages in an amount sufficient to deter Defendant and all others similarly situated from the same or similar intentional and/or reckless conduct, all costs and attorneys' fees incurred in the prosecution of this action, pre and post judgment interest, and any further relief which the Court determines is due to Plaintiffs.

Respectfully submitted,

RICHARDSON RICHARDSON BOUDREAUX

*[signature]*

Charles L. Richardson, OBA #13388
Jason C. Messenger, OBA #19887
7447 South Lewis Avenue
Tulsa, Oklahoma  74136
(918) 492-7674 *Tel*
(918) 493-1925 *Fax*
*Attorneys for Plaintiff*

**ATTORNEY LIEN CLAIMED**

**JURY TRIAL DEMANDED**